IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC H. BASS,

    Plaintiff,

vs.

E. TOOTELL, et al.,

    Defendants.
                             /

No. C 13-1979 YGR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate currently in the Solano County Jail, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 complaining about conditions at San Quentin State Prison ("SQSP"), where he formerly was incarcerated. He also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order. Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

As an initial matter, the Court notes that Plaintiff filed a prior complaint against the same Defendants and raised the same claims. Case No. C 11-3102 YGR (PR).[1] On September 12, 2012, the Court dismissed the prior complaint for failure to prosecute. (Docket No. 49 in Case No. C 11-3102 YGR (PR).) Seven months later, on April 30, 2013, Plaintiff filed the instant complaint against the following officials at SQSP: Chief Medical Officer Elena Tootell; Physicians F. Alvarez, J. Espinoza and J. Grant; and Nurse Practitioner M. Paley.[2] Plaintiff seeks monetary damages.

## BACKGROUND

The following background is taken from Judge Hamilton's Order of Service in Plaintiff's prior action:

---

[1] Before it was assigned to the undersigned judge, Plaintiff's prior action was assigned to the Honorable Phyllis J. Hamilton.

[2] The Court notes that in the instant complaint, Plaintiff misspells the nurse practitioner's name as "Palin"; however, according to Defendants' attorney in the prior action, the correct spelling is "Paley" and the initial of this Defendant's first name is "M." (Docket No. 11 in Case No. C 11-3102 YGR (PR).) The Court has also used information from Plaintiff's prior action in order to supply the initials of the other Defendants' first names. (*Id.*)

Bass broke his hand in a fight on April 10, 2010 and was arrested two days later, at which time he was given Motrin for pain and his hand was x-rayed. He then was transferred to San Quentin State Prison on April 17, 2010, where he was seen by Dr. Alvarez, who continued his Motrin and ordered a splint for his hand. Bass allegedly submitted several sick call slips in April - May 2010; nurse Paley initially told him that there was nothing she could do and later refused to allow him access to doctors.

On June 1, 2010, Bass had a chronic care appointment with Dr. Espinoza for his hepatitis C, and complained about his hand. Dr. Espinoza asked why Bass was not wearing the splint, and Bass explained that it had been confiscated about ten days earlier by an unknown correctional officer[3] as a security risk. Dr. Espinoza ordered an x-ray of the hand. The next day, Dr. Grant discussed the results of the x-ray with him and told him an operation was necessary on the hand. Dr. Grant said he would schedule an appointment with an orthopedic specialist and had a nurse put Bass' hand back into a splint.

The appointment with the orthopedic specialist did not occur. Bass learned about a month later from Dr. Espinoza that chief medical officer Elena Tootell had "bumped" off the list for an orthopedic consultation and that was why he did not receive a consultation in timely fashion. (Docket # 1 (Complaint) at 7.) Another appointment was scheduled for July 17, 2010, but Bass missed it because he was out to court that day. He returned to prison the next week and was unable to get a new appointment with Dr. Espinoza.

On August 18, 2010, Bass paroled from prison. He does not allege whether he sought any medical care during his time out of prison. On September 22, 2010,[4] Bass returned to prison and again tried to obtain treatment for his hand. About two weeks later, he saw an orthopedist who told him that, due to the delay in treatment, Bass' hand "has healed in a way that he cannot recommend any further treatment. (*Id.* at 7.)

(Oct. 24, 2011 Order of Service in Case No. C 11-3102 YGR (PR) at 1-2 (footnotes added).)

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[3] Plaintiff named an "unknown correctional officer" as a Defendant in his prior action; however, he does not do so in the instant action. (Compare Compl. at 1 with Compl. at 1 in Case No. C 11-3102 YGR (PR).) Nor does he include in the instant complaint anything about the confiscation of his splint by that unknown correctional officer. However, for the sake of completeness, the Court includes this information in the instant Order. In any event, such a claim against would have been dismissed without prejudice as a Doe Defendant, as the Court previously noted in its October 24, 2011 Order of Service. (Oct. 24, 2011 Order of Service in Case No. C 11-3102 YGR (PR) at 3-4.)

[4] In his new complaint, Plaintiff indicates that he returned to the Solano County Jail "in late August of 2010." (Compl. at 6.) However, in his prior action, Plaintiff states he was returned to "prison" on September 22, 2010. (Compl. at 6 in Case No. C 11-3102 YGR (PR).) This discrepancy is irrelevant; therefore, the Court will continue to rely on the background as it was summarized by the Court in its October 24, 2011 Order of Service.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Legal Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Just as the Court previously found in his prior action, it appears that, liberally construed, Plaintiff has stated a cognizable § 1983 claim against several Defendants for deliberate indifference to his medical need for treatment of his broken right hand. He has adequately linked Defendant Tootell, who allegedly interfered with him getting an appointment with an orthopedic specialist; Defendants Alvarez, Espinoza and Grant, who allegedly failed to get him the needed appointment with the orthopedic specialist and otherwise properly treat his hand; and Defendant Paley, who

allegedly failed to provide care for Plaintiff's pain and impeded his efforts to see a doctor to have his hand treated. Accordingly, this claim may proceed against these Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Tootell, Alvarez, Espinoza, Grant and Paley.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Docket No. 1) and a copy of this Order to the following persons, all of whom apparently work in the health care services department at SQSP: **Chief Medical Officer Elena Tootell; Physicians F. Alvarez, J. Espinoza and J. Grant; and Nurse Practitioner M. Paley.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office as well as to Defendants' previous attorney in Case No. C 11-3102 YGR (PR), **Matthew M. Grigg, Esq. from the Law Offices of Nancy E. Hudgins.** Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for

4

waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[5] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56. Id. at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id. at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

        b.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under

6

Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: April 11, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**