UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC H. BASS,

          Plaintiff,

     v.

E. TOOTELL, et al.,

          Defendants.

Case No. 13-cv-01979-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

On April 30, 2013, Plaintiff, a former state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983, complaining about conditions at San Quentin State Prison ("SQSP"), where he formerly was incarcerated. Specifically, Plaintiff has raised a claim of deliberate indifference to his serious medical needs relating to inadequate care of his broken hand against the following SQSP officials: Chief Medical Officer Elena Tootell; Physicians F. Alvarez, J. Espinoza and J. Grant; and Nurse Practitioner M. Paley. Plaintiff seeks monetary damages.

On June 23, 2011, Plaintiff had filed a prior complaint against the same Defendants and raised the same deliberate indifference claim. *See* Case No. C 11-3102 YGR (PR).[1] On September 12, 2012, the Court dismissed the prior complaint for failure to prosecute. Dkt. 49 in Case No. C 11-3102 YGR (PR). As mentioned above, seven months later, on April 30, 2013, Plaintiff filed the instant complaint.

In the present case, Defendants have filed a motion to dismiss the complaint as untimely. Dkt. 16. Plaintiff has filed an opposition. Dkt. 26. Defendants have filed a reply. Dkt. 27.

For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## I.    BACKGROUND

The following background is taken from Judge Hamilton's Order of Service in Plaintiff's prior action:

> Bass broke his hand in a fight on April 10, 2010 and was
> arrested two days later, at which time he was given Motrin for pain

---

[1] Before it was assigned to the undersigned judge, Plaintiff's prior action was assigned to the Honorable Phyllis J. Hamilton.

and his hand was x-rayed. He then was transferred to San Quentin State Prison on April 17, 2010, where he was seen by Dr. Alvarez, who continued his Motrin and ordered a splint for his hand. Bass allegedly submitted several sick call slips in April - May 2010; nurse Paley initially told him that there was nothing she could do and later refused to allow him access to doctors.

On June 1, 2010, Bass had a chronic care appointment with Dr. Espinoza for his hepatitis C, and complained about his hand. Dr. Espinoza asked why Bass was not wearing the splint, and Bass explained that it had been confiscated about ten days earlier by an unknown correctional officer as a security risk. Dr. Espinoza ordered an x-ray of the hand. The next day, Dr. Grant discussed the results of the x-ray with him and told him an operation was necessary on the hand. Dr. Grant said he would schedule an appointment with an orthopedic specialist and had a nurse put Bass' hand back into a splint.

The appointment with the orthopedic specialist did not occur. Bass learned about a month later from Dr. Espinoza that chief medical officer Elena Tootell had "bumped" off the list for an orthopedic consultation and that was why he did not receive a consultation in timely fashion. (Docket # 1 (Complaint) at 7.) Another appointment was scheduled for July 17, 2010, but Bass missed it because he was out to court that day. He returned to prison the next week and was unable to get a new appointment with Dr. Espinoza.

On August 18, 2010, Bass paroled from prison. He does not allege whether he sought any medical care during his time out of prison. On September 22, 2010, Bass returned to prison and again tried to obtain treatment for his hand. About two weeks later, he saw an orthopedist who told him that, due to the delay in treatment, Bass' hand "has healed in a way that he cannot recommend any further treatment. (*Id.* at 7.)

Dkt. 7 in Case No. C 11-3102 YGR (PR) at 1-2.

## II.     LEGAL STANDARD

### A.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)). Dismissal is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When determining plausibility, allegations pertaining to material facts are accepted as true for purposes of the motion and

1    construed in the light most favorable to the non-moving party.  *Wyler-Summit P'ship v. Turner*

2    *Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

3        *Pro se* pleadings are to be liberally construed, and "however inartfully pleaded, must be

4    held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*,

5    551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  But, a liberal

6    interpretation "may not supply essential elements of the claim that were not initially pled."  *Pena*

7    *v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

8        **B.    Statute of Limitations Generally**

9        Section 1983 does not contain its own limitations period.  The appropriate period is that of

10   the forum state's statute of limitations for personal injury torts.  *See Wilson v. Garcia*, 471 U.S.

11   261, 276 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*,

12   541 U.S. 369, 377-78 (2004).  In California, the general residual statute of limitations for personal

13   injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the

14   applicable statute in section 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

15   2004).  It is federal law, however, that determines when a cause of action accrues and the statute

16   of limitations begins to run in a section 1983 action.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

17   Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury

18   which is the basis of the action.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999).

19       A federal court must give effect to a state's tolling provisions.  *See Hardin v. Straub*, 490

20   U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986).  California

21   Civil Procedure Code § 352.1 recognizes imprisonment as a disability that tolls the statute of

22   limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence

23   of a criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1(a).  The tolling is

24   not indefinite, however, the disability of imprisonment delays the accrual of the cause of action for

25   a maximum of two years.  *See id.*

26       **C.    Analysis**

27       **1.    State's Tolling Provisions**

28       Here, Plaintiff complains that Defendants failed to provide him with adequate medical care

for his injured hand from April 2010 to August 2010.  Plaintiff's cause of action accrued no later than August 2010.  To the extent that the statute of limitations was tolled due to Plaintiff's incarceration, any such tolling ended on August 18, 2010, when Plaintiff was paroled and released from custody.  Thus, the two-year statute of limitations on Plaintiff's deliberate indifference claim began to run on August 18, 2010 and ended on August 18, 2012.  Plaintiff did not file this action until April 30, 2013, more than eight months after the two-year statute of limitations expired.  Plaintiff's claim, therefore, is barred by the statute of limitations, and this action should be dismissed unless Plaintiff can show that he is entitled to equitable tolling.

### 2.      Equitable Tolling

As explained above, the record shows that Plaintiff filed his prior civil rights action, which raised the same deliberate indifference claim, on June 23, 2011.  *See* Case No. C 11-3102 YGR (PR).  Because the statute of limitations had not yet expired when his previous action was filed, Plaintiff could argue that he is entitled to equitable tolling of the statute of limitations based on the filing of an earlier, timely action.

Meanwhile, Defendants point out that Plaintiff's prior complaint was dismissed *without prejudice*, and they argue that "[a] prior complaint that is dismissed without prejudice does not extend the statute of limitations, because it is treated as though it were never filed."  Dkt. 16 at 5 (citing *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)).  Defendants further add:

> As the court in *Elmore* explained, "[w]ere this not the rule, statu[t]es of limitations [w]ould be easily nullified.  The plaintiff could file [a] suit, dismiss it voluntarily the next day, and have forever to refile it."  Even if plaintiff does not voluntarily dismiss his suit, "a plaintiff can almost always precipitate a dismissal without prejudice, for example by failing to serve the defendant properly or by failing to allege federal jurisdiction."  Therefore, the rule is that "when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice."

*Id.* at 5-6 (internal citations omitted and brackets added).

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate.  *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009).  Because

United States District Court
Northern District of California

United States District Court
Northern District of California

1  we borrow California's statute of limitations, we also apply California's equitable tolling rules.

2  *Id.* Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations

3  statute when, possessing several legal remedies he, reasonably and in good faith, pursues one

4  designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d

5  1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)).  Thus, in

6  an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in

7  another forum before filing the claim in federal court.  Under California law, equitable tolling is

8  appropriate in a later suit when an earlier suit was filed and where the record shows:  "'(1) timely

9  notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering

10  evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the

11  plaintiff in filing the second claim.'" *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d

12  1131, 1137-38 (9th Cir. 2001) (en banc) (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917,

13  924 (1983)).  Upon satisfying the three-pronged test, a plaintiff should be relieved from the

14  limitations bar.  *Id.* at 1140; *see, e.g., Azer*, 306 F.3d at 936-37 (granting equitable tolling where

15  plaintiff satisfies three-prong test and finding that by filing an official-capacity action in state court

16  plaintiff provided individual defendants within state office adequate notice that they might be

17  subject to a civil rights suit).

18         However, where, as here, a plaintiff could argue that he is entitled to tolling of the statute

19  of limitations based on the filing of an earlier, timely action, a general equitable rule ("*Bollinger*

20  rule") may apply.  *See Addison*, 21 Cal. 3d at 318-19 (citing *Bollinger v. National Fire Ins. Co.*, 25

21  Cal. 2d 399 (1944)).  The *Bollinger* rule of tolling will apply when "(1) the plaintiff [has]

22  diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for

23  resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the

24  dismissal of the first action was in error and, thus, due to forces outside of his own control]; and

25  (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor

26  since the defendant will have had notice of the first action)." *Hull v. Central Pathology Serv.*

27  *Med. Clinic*, 28 Cal. App. 4th 1328, 1336 (1994) (brackets added).  California law makes clear

28  that in order to be entitled to equitable tolling under the *Bollinger* rule, a plaintiff must

demonstrate all three *Bollinger* factors.  *See Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 421 (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those three factors present in *Bollinger*."); *Hull*, 28 Cal. App. 4th at 1337 (reiterating that the three *Bollinger* factors are prerequisites expressly required to apply tolling); *Wood v. Elling Corp.*, 20 Cal.3d 353, 361 (1977) ("the concurrence of the three factors present in *Bollinger* is essential to an application of the rule").

Here, as an initial matter, it seems that equitable tolling is not applicable in Plaintiff's case because his first action was not one in a separate forum, such as in a state court or administrative forum, but in the *same* forum.  *See Thomas v. Gilliland*, 95 Cal. App. 4th 427, 525 (2002) ("The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith."); *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply").  That is, Plaintiff's first action was not one of several legal remedies that he chose to pursue in order to "lessen the extent of his injuries or damage."  *Cervantes*, 5 F.3d at 1275.

In any event, California case law also supports Defendants' argument that equitable tolling is not applicable to the pendency of Plaintiff's first action.  The Court shall now consider whether all three *Bollinger* factors are present before equitable tolling can apply.

### a.    *Bollinger* factors

In *Bollinger*, a plaintiff filed a timely action against his fire insurance carrier, but that action was erroneously dismissed by the trial court.  25 Cal. 2d at 404-05.  The California Supreme Court held, that, under its equitable power, and under those circumstances, the plaintiff could file a second action against the carrier outside the statute of limitations.  *Id.* at 410-11.  The court held that tolling was appropriate because (1) the original dismissal was erroneous; (2) the plaintiff had diligently pursued his claim; and (3) the defendant was not prejudiced.  *Id.*

In contrast here, Plaintiff cannot satisfy all three *Bollinger* factors.  Specifically, Plaintiff fails to satisfy the second *Bollinger* factor because he does not allege that the Court erred in dismissing his first action, or that it was dismissed due to forces outside of his own control.

United States District Court
Northern District of California

Despite Plaintiff's previous civil rights action, Case No. C 11-3102 YGR (PR)—which raised the underlying deliberate indifference claim—being timely, the Court's dismissal of that case for failure to prosecute was *not* in error and, thus, *not* due to forces outside of his own control. The record in Case No. C 11-3102 YGR (PR) shows that on July 10, 2012, mail directed to Plaintiff by the Court was returned as undeliverable to the Clerk of the Court with a notation that it should be "RETURN[ED] TO SENDER" because Plaintiff was "NOT IN CUSTODY." Dkt. 49 in Case No. C 11-3102 YGR (PR) at 1. In an Order dated September 12, 2012, the Court determined that "Plaintiff ha[d] not updated his address with the Court or submitted any further pleadings in this case." *Id.* The Court then dismissed the complaint without prejudice pursuant to Northern District Local Rule 3-11, which states that a complaint may be dismissed without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b). The Court found that dismissal was warranted because more than sixty days had passed since the mail directed to Plaintiff by the Court was returned as undeliverable, and the Court had not received a notice from him of a new address. Dkt. 49 in Case No. C 11-3102 YGR (PR) at 1.

The record further shows that *after* his case had been dismissed without prejudice, Plaintiff filed an updated address with the Court on September 20, 2012. Dkt. 51 in Case No. C 11-3102 YGR (PR). On October 15, 2012, Plaintiff filed a notice of appeal with the Ninth Circuit Court of Appeals. Dkt. 52 in Case No. C 11-3102 YGR (PR). Thereafter, the Ninth Circuit referred the matter to this Court for a determination whether Plaintiff's *in forma pauperis* ("IFP") status should continue on appeal. In an Order dated October 29, 2012, this Court determined that it should not and revoked his IFP status, stating as follows:

> There are no valid grounds on which an appeal can be based. Consequently, the Court certifies that any appeal taken from the order of dismissal and judgment of this action will not be taken in good faith and is therefore frivolous. Fed. R. App. P. 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

Dkt. 55 in Case No. C 11-3102 YGR (PR) at 1. In an Order dated December 17, 2012, the Ninth

Circuit determined that the appeal was frivolous, stating:

> The district court has certified that this appeal is not taken in good faith and is therefore frivolous. We deny appellant's motion to proceed *in forma pauperis* because we also find the appeal is frivolous. *See* 28 U.S.C. § 1915(a). If appellant wishes to pursue this appeal despite the court's finding that it is frivolous, then within 21 days after the date of this order, appellant shall pay $455.00 to the district court as the docketing and filing fees for this appeal and file proof of payment with this court. Otherwise, the appeal will be dismissed by the Clerk for failure to prosecute, regardless of further filings. *See* 9th Cir. R. 42-1.

Dkt. 56 in Case No. C 11-3102 YGR (PR) at 1. On January 10, 2013, the Ninth Circuit dismissed the appeal for failure to prosecute, stating:

> A review of the file in this case reveals that the appellant has failed to perfect the appeal as prescribed by the Federal Rules of Appellate Procedure. Pursuant to Ninth Circuit Rule 42-1, this appeal is dismissed for failure to respond to the order of this court dated December 17, 2012.

Dkt. 58 in Case No. C 11-3102 YGR (PR) at 1. And, as mentioned above, three months later, on April 30, 2013, Plaintiff filed the instant complaint.

Plaintiff has not and cannot demonstrate that the Court's dismissal of his first action was erroneous and due to forces outside of his own control— the second *Bollinger* factor. Having so concluded, the Court finds Plaintiff is not entitled to equitable tolling of the statute of limitations and declines to address the remaining two *Bollinger* factors. *See Wood*, 20 Cal. 3d at 361 (all three elements must be present before equitable tolling will apply); *Hull*, 28 Cal. App. 4th at 1336, n. 7 (because plaintiff failed to meet first two prongs for equitable tolling court need not determine third prong of whether defendants would be prejudiced).

### b.     Supporting California Cases Applying the *Bollinger* Rule

A review of several California cases applying the *Bollinger* rule is helpful here. In *Tannhauser v. Adams*, 31 Cal. 2d 169, 177 (1947), the plaintiff filed an action to quiet title. The suit was later dismissed for want of prosecution (just as Plaintiff's previous action was dismissed for failure to prosecute). Six months later, the plaintiff *Tannhauser* filed a motion to set aside the order, which was denied. Thereafter, the plaintiff filed an untimely second action. The California Supreme Court concluded that the plaintiff was not entitled to equitable tolling under *Bollinger*,

United States District Court
Northern District of California

1    because the first action was not diligently pursued, and the first action was dismissed due to the

2    plaintiff's own error.  *Id.* at 177-78.

3          Also, in *Hull*, the plaintiff brought a medical malpractice action in state court.  28 Cal.

4    App. 4th at 1331.  She sought leave to amend, which was denied, and then filed a new action in

5    state court alleging the same cause of action she brought in her first suit, and adding another claim.

6    The California Court of Appeal concluded that the second suit was barred by the statute of

7    limitations because the plaintiff had not diligently pursued the claims asserted in the second

8    action, and, due to the plaintiff's own failure to comply with the civil rules, the plaintiff failed to

9    properly amend her complaint in the first action.  *Id.* at 1336.

10         Finally, in *Hu v. Silgan Containers Corp.*, 70 Cal. App. 4th 1261, 1270-71 (1996), the

11   plaintiff brought a timely action against her employer for discrimination, but failed to pay the

12   filing fee.  After the statute of limitations had expired, the court voided the filing based on the

13   plaintiff's failure to pay.  Thereafter, the plaintiff paid the filing fee and late charges, but the

14   Superior Court granted judgment on the pleadings to the employer because it had no jurisdiction to

15   "reinstate" the action.  The California Court of Appeal rejected the plaintiff's argument for

16   equitable tolling, making a distinction between cases in which a plaintiff chooses between several

17   different forums in filing his first suit, and cases in which a plaintiff files a defective first action.

18   *Id.* at 1270-71.  The state appellate court applied *Bollinger*, and concluded that because the

19   plaintiff failed to demonstrate dilatory actions on the part of defendants, or error on the part of the

20   Superior Court, he was not entitled to equitable tolling.

21         In sum, applying California case law to the instant action, Plaintiff is not entitled to

22   equitable tolling.  Plaintiff did not allege, and the Court has not found, that its dismissal of his

23   previous complaint in Case No. C 11-3102 YGR (PR) was erroneous and due to forces outside of

24   his own control.  In addition, the Ninth Circuit found that Plaintiff's appeal of the Court's

25   aforementioned dismissal was "frivolous," supporting the fact that the dismissal was not in error.

26   Plaintiff's failure to prosecute in Case No. C 11-3102 YGR (PR), combined with the lack of error

27   on the Court's part, do not satisfy the elements required to equitably toll the statute of limitations.

28   *See, e.g.*, Marasovic *v. Contra Costa Cnty. Adult Protective Servs.*, No. 06-15579, 269 Fed. Appx.

9

758, at *1 (9th Cir. March 12, 2008) (unpublished memorandum disposition) (affirming dismissal of section 1983 action because the *pro se* plaintiff did not "diligently pursue her initial action against the defendants"); *Watkins v. Singh*, No. 2:12-cv-1343 GEB DAD P, 2014 WL 2930536, at *4 (E.D. Cal. filed June 27, 2014) (finding plaintiff was not diligent in pursuing his claims and was not entitled to equitable tolling); *Dawkins v. Woodford*, No. 09-1053 JLS (POR), 2012 WL 554371, at *4-5 (S.D. Cal. filed Feb. 21, 2012) (unpublished) (concluding *pro se* prisoner was not entitled to equitable tolling during the pendency of his previous federal actions which were dismissed for failing to timely serve defendants); *Easley v. Cnty. of El Dorado*, No. 08-1432 MCE KJN, 2010 WL 4569137, at *15 (E.D. Cal. filed Nov. 3, 2010) (unpublished) (rejecting *pro se* prisoner's request for equitable tolling as unreasonable and lacking in good faith when his first complaint was filed in federal court and later dismissed due to plaintiff's own failure to file an amended complaint), *aff'd by* 478 Fed. Appx. 447 (9th Cir. 2012) (unpublished memorandum disposition); *Diggs v. Williams*, No. CIV S-05-1168 DFL GGH P, 2006 WL 1627887, at *3 (E.D. Cal. filed June 8, 2006) (unpublished) (finding *pro se* prisoner's complaint untimely and stating that "California courts have declined to find equitable tolling in cases where the plaintiff's own conduct delayed the prosecution of his previous action.").

Accordingly, Plaintiff's complaint is untimely, and Defendants' motion to dismiss is GRANTED.[2]

## CONCLUSION

For the reasons outlined above, Defendants' motion to dismiss the complaint is GRANTED. Dkt. 16. The instant action is DISMISSED with prejudice as time barred.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to

---

[2] It matters not that Plaintiff also argues that he is entitled to equitable tolling from September 12, 2012 (the date his previous action was dismissed) through April 30, 2013 (the date he filed the instant action). Dkt. 26 at 3-7. Plaintiff fails to support this argument with any legal authority. In any event, equitable tolling of this time frame would not save his complaint from being untimely because, as mentioned above, the statute of limitations expired prior to this time frame—on August 18, 2012.

United States District Court
Northern District of California

proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall enter judgment, terminate all pending motions, and close the file.

This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: March 17, 2015

_____
LYONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California